†JOHN A. TOPLIFF AND GEORGE H. ELY v. ISAAC N. TOPLIFF.

**1. PAROL EVIDENCE ADMISSIBLE WHERE PLEADINGS DO NOT SHOW ISSUE IN FORMER CASE.**

If the pleadings in a former case do not show the issue, parol evidence is admissible, but not otherwise; and hence, if the issue in a suit for royalties was a denial of plaintiff's ownership, and the validity of his patent, it cannot now be shown that the judgment, was, in fact, based on finding a recession of the contract to pay royalties.

**2. ADJUDICATION ESTOPS DENIAL.**

An adjudication in the federal courts that a contract to pay royalties is in full force estops the same parties from afterwards a prior recession of a part of the contract.

**3. "ISSUES JOINED" MEANS ALL THE ISSUES.**

If the court, a jury being waived, finds "the issues joined with the defendant," this means all the issues, and the plaintiff can not show by parol that the court in fact was governed by one alternative.

**4. OPINION OF COURT MAY BE HAD AS TO MATTERS ADJUDICATED.**

The opinion of the court may be resorted to, to show that it intended to adjudicate a matter.

**5. MEANS ALL THE ISSUES.**

"On the issues joined" means all the issues.

ERROR to the Court of Common Pleas of Cuyahoga county.

UPSON, J.

This is a proceeding in error to reverse the judgment of the court of common pleas, rendered in favor of Isaac N. Topliff against John A. Topliff and George H. Ely, who are the plaintiffs in error in this court. The action was brought to recover royalties on an agreement made between the parties to the action, on articles made since the 30th of June, 1880. The agreement, upon which the action was founded, was one made in December, 1869; and, after reciting that Isaac N. Topliff was the owner of a certain patent for tubular bow irons used in the manufacture of carriage and buggy tops, which patent was issued December 27, 1870, provided that in consideration of the agreements of the parties to the contract,

---

† This case was affirmed by the Supreme Court; see opinion 51, O. S., 625.

John A. Topliff and Geo. H. Ely, he gives them the exclusive right to manufac-
ture the articles described in those letters throughout the United States, it being
understood that, at the expiration of five years, Isaac N. Topliff should have the
right to have the above named articles manufactured at not more than two other
places, to be sold at prices adopted by the parties of the second part, John A.
Topliff and Geo. H. Ely; but in all other respects, the rights and privileges of
John A. Topliff and Geo. H. Ely, were to continue during the entire life of the
patent. The contract then provided that the parties mutually agree that they will
share the expense of maintaining the rights of the patent against infringements
and other patents in the following proportion: The first party, one-third; the
second party, two-thirds. It was also further agreed that any improvement made
on these articles by either party should be for the mutual benefit of the parties.

In consideration of the above grant, the said party of the second part, that is,
Topliff & Ely, agree to pay Isaac N. Topliff, 15 per cent on the wholesale selling
prices of the above-named articles, as royalty, on all sold by them. There were
some other provisions in the contract to which it is unnecessary at this time to
refer.

The original action in this case was brought to recover royalties to a large
amount, which Isaac N. Topliff, the plaintiff, below, claimed he was entitled to
under the contract. By way of defense to the action, the defendants set forth,
among other things, that the matters in controversy in the action had been de-
termined by previous litigation; and I may say that it is claimed on both sides
in the action, that certain judgments, rendered before this action was brought,
have determined all the questions which are in controversy in this action. Other
defenses were also made, to which it is not necessary to refer at this time. It will
first be considered whether the judgments rendered between the parties before
this action was brought, have determined their rights. If they have, then they
have determined the questions arising under the other defenses set forth in the
answer in this action. Those judgments to which I refer, were rendered in three
actions. The first action was brought by Isaac N. Topliff against John A. Topliff
and Geo. H. Ely, on the 28th day of June, 1880, for royalties on articles claimed
to have been manufactured according to this agreement, after the 30th of June,
1879, and previous to the time when the action was brought. The next action
was brought by Geo. H. Ely and John A. Topliff against Isaac N. Topliff, to
recover back royalties which they had previously paid to him. This action was
begun on the 20th of February, 1880. The next was an action brought by Geo.
H. Ely and John A. Topliff in the United States circuit court of this circuit, to
prevent infringement by him of a patent granted to John A. Topliff in 1875; and
it will be necessary in determining this case, to consider briefly what matters were
litigated in those several actions, and what judgments were rendered in them, and
the effect of those judgments.

1. The first one to be considered is the action of Isaac N. Topliff against
Geo. H. Ely and John A. Topliff. That, as I have said before, was an action
brought against John A. Topliff and Geo. A. Ely to recover royalties claimed to
be due from them under this agreement, on articles made by them after the 30th
of June, 1879, and before the 28th of June, 1880. The petition was in the usual
form, setting forth this agreement, and claiming that there was due from them for
royalties under it, the sum of $21,000. In answer to that petition, the defendants
admitted the signing of the agreement which was set forth in the petition, and
stated that the agreements were made in November, 1869, and that they com-
menced manufacturing what was afterwards patented in the original patent about
the time of the making of the agreement, but that soon afterwards and as early
as 1871, they discontinued the same, on account of the inutility and impractica-
bility of the combination so patented, and have never since manufactured said
combination, nor incurred any liability under said contract to pay royalty for mak-
ing and using tubular bow irons; to which, as above stated, plaintiff had no exclu-
sive right under said original letters, nor under said void re-issue so as to become

liable for any royalty therefor. They claimed in the first place, in the answer, that he was not the owner of any patent for tubular bow irons, and that the re-issue was void because not for the same invention described and claimed in the original patent of 1870, as well as for want of novelty and for inutility. They then claimed that the money they had, already paid was paid under a mutual mistake, both of law and fact, and without consideration, and that there was then pending, in that court, a suit by defendants to recover back said money, with interest. This is the answer filed in the suit in the common pleas court of Lorain county. The plaintiff replied to that, denying generally the statements and allegations of the answer, except those that admitted the averments of the petition, and excepting the fact that they had brought an action against him as stated in the answer; and alleged that having entered into a contract with him, copied into the petition, and having acted thereunder, they are now estopped from questioning in this action the validity of the plaintiff's patents; and stating further, that if the court should be of the opinion that it was competent in that action to inquire into the validity of the patent in the contract mentioned, certainly said patent was not void for want of utility, and was, and is, in all respects, legally valid and binding, and the plaintiff prays judgment as in the petition.

From this statement of the pleadings in the action, the issues made by these pleadings is a perfectly clear one. The action was brought by the plaintiff to recover royalty which he claimed to be due, by the terms of the agreement, on the articles they had manufactured. The defendants answered to that, that he was not the owner of any patent for those articles, and that the re-issued patent was void, and that they were not liable to him in any manner for the articles they had manufactured, and that, whatever they had paid him by way of royalty, had been paid by mistake. The plaintiff replies to that, that they have had all the advantages of this contract, and are estopped from denying the validity of the patent.

Now, that case (a jury being waived) was tried to the court and a judgment rendered in favor of the plaintiff for a certain part of the royalty claimed by him in his petition. For another part which was claimed by the plaintiff—that part which became due for articles manufactured after September 13, 1879, if I recollect the date correctly—judgment was not rendered in favor of the plaintiff: Now, it is claimed on the part of the plaintiffs in error in this case, that that judgment is a conclusive bar to any claim for articles described in this agreement and manufactured after that date, for the reason, they say, that the court, by its judgment, decided not only that the plaintiff in this action was entitled to recover royalties for articles manufactured up to September 13, 1879, but also decided that the contract was rescinded and at an end from that time.

An examination of the pleadings shows that no allegation was made by the defendants in the action, that there had been a rescission of the contract. It is claimed, however, that testimony was offered and received, tending to show that the contract had been rescinded by mutual agreement, and that the judgment must have proceeded upon that ground. And the first question to be decided is, whether such testimony, offered as it was offered in this case, would be competent for that purpose; and next, if the testimony were competent and received, whether the court erred in refusing to render judgment in favor of the plaintiffs in error in this case, upon that ground.

The general rule in regard to the competency of parol evidence for the purpose of showing what questions have been decided by a court in any case, is stated concisely in section 785 of the 1st vol. of Wharton's Law of Evidence:

"It is now to be observed, that even when the parties are the same, and the judgment *prima facie* admissible, it is always open to a party against whom such judgment is offered to show, by parol or otherwise, that notwithstanding this apparent identity, there is a difference in the points submitted in the two cases, and that the judgment in the former case does not cover a subject propounded in the latter. The issue thus raised as to identity is one of fact, which the jury must determine. So the substantial as well as formal identity may be shown by parol.

But a point not at issue by the record cannot be shown by parol to have been decided by the case."

The rule is, as we understand it, that where from the general nature of the pleadings, the pleadings themselves do not show what issue is made in the case, then it is competent to show by parol evidence what the subject-matter of the controversy was; but where the pleadings do show precisely the issues between the parties, then it is not competent to show that other questions, not in issue between the parties, were considered in the case; and we understand that to be the law as established by the decisions of the supreme court of this state.

The first case to which I refer is the case of the Lessee of Lore v. Truman, 10 O. S., 45. In that case the court determined that:

"Where a judgment or decree is relied on by way of evidence, as conclusive *per se*, between the parties in a subsequent suit, it must appear by the record of the former suit, that the particular controversy sought to be precluded was therein necessarily tried and determined."

In the case of Babcock & Co. v. Camp, reported in 12 O. S., p. 11, it is determined that:

"A judgment of a court of competent jurisdiction, upon a question necessarily involved in the suit, is conclusive in a subsequent suit between the same parties, depending on the same question; and in respect to this quality of conclusive effect upon parties and privies, the decrees of courts of equity upon matters within their jurisdiction, stand on the same footing with judgments at law.

"The general rule that in order to make a judgment at law conclusive between the same parties or their privies in a subsequent suit, the matter attempted to be disputed in the subsequent suit must have been put directly in issue by the pleadings in the first, has no proper application where the first suit was in chancery, involving the taking of an account between numerous parties occupying various relations to each other, and the adjustment of many and complicated claims between them."

At that time, it will be remembered, the syllabus was made by the court; and the principle upon which the decision proceeded is stated in the opinion of the court more fully than in the syllabus:

"It is undoubtedly a general rule that in order to make a judgment at law conclusive between the same parties or their privies in a subsequent suit, the matter attempted to be disputed in the subsequent suit must have been put in issue by the pleadings in the first."

This general rule, however, is subject, in particular cases, to important modifications, even in respect to judgments at law.

In the 8th Wendell, p. 10, it was held that:

"A former judgment may be given in evidence, accompanied by such parol proof as is necessary to show the grounds upon which it proceeded, where such grounds, from the form of the issue, do not appear from the record itself, provided that the matters alleged to have been passed upon be such as might have been legitimately given in evidence under the issue joined; and such that when proved to have been given in evidence, it is manifest by the verdict and judgment, that they must have been directly and necessarily in question, and passed upon by the jury."

Now, we think it is perfectly obvious upon an examination of the pleadings in this action, brought by Isaac N. Topliff in the court of common pleas of Lorain county, that a precise and definite issue was made, and it is not contended in the argument in this case, that testimony to show a rescission of the contract by mutual agreement would have been competent under that issue. It is claimed, however, that it was received without objection, and therefore, that if the case turned upon that question, it is to be regarded as just as conclusive a determination of the question, as if the issues had been presented in the pleadings. Upon an examination of the testimony in the case, it appears that some testimony was given to prove, not, it seems to us, a rescission of the contract by agreement, but

only an attempted repudiation of it on the part of John A. Topliff and Geo. H. Ely.

This same rule to which I have referred, is approved in the case of Porter v. Wagner, in the 36 O. S., 471, and the syllabus, so far as it relates to this matter, is this:

"Where a judgment between the parties is relied on as an estoppel, the question is not what the court might have decided in the former action, but what it did in fact decide, as shown by the judgment. A judgment is conclusive by way of estoppel only as to facts without the proof or admission of which it could not have been rendered."

It is not very clear, if we are to take into consideration the testimony which was given in the case in the Lorain county common pleas court, upon what the refusal of the court to give judgment in favor of the plaintiff for royalties accruing after September 13, 1879, was founded. It is said upon the one side, that the court might have found that in fact no articles were manufactured under this agreement after that date. Upon the other, it is claimed that it proceeded upon the ground that, even if there were goods manufactured after that date, there was no right to recover royalty for them, for the reason that the contract had been rescinded by the mutual agreement of the parties.

We are of the opinion that under the rules of law established by the supreme court in this state, parol testimony was not competent for the purpose of proving that under these pleadings the court decided that the agreement had been rescinded. In the case at bar, however, the court of common pleas did admit such evidence, and ,if we are to regard it as having been properly admitted, the question would remain whether it showed that that issue was made and decided in favor of the plaintiffs in error; and upon examining that testimony, it seems to us that the court of common pleas did not err in not giving judgment in favor of the plaintiff in error upon that ground. As I have said before, we can hardly believe that the court of common pleas of Lorain county, upon that proof, would have decided, or could have decided, that there had been a rescission of this contract by mutual agreement.

In passing upon the case in the supreme court of this state, the court, in a brief opinion upon that point, say that: "Isaac's action touching the re-issue, estops him from claiming that the articles made after the notice of September 13, 1879, were made under said contract."

This is not a decision to the effect that it had been decided in the case that there had been a rescission of the contract by mutual agreement, but that his action in surrendering that patent of 1870, and obtaining a re-issue, was such as to estop him from claiming that the articles made after the notice they had given, of September 13, 1879, were made under the contract. We do not understand, then, that either the judgment of the court of common pleas in the case, or the ajudgment of the supreme court in affirming it, make these judgments a bar to Isaac N. Topliff's claim in this action.

2. The next judgment to which I call attention, is that rendered in the case of Geo. H. Ely and John A. Topliff v. Isaac N. Topliff, brought in Lorain county court of common pleas, to recover back the most of the royalties which they had paid under this agreement. They began that suit February 20, 1880. They made the same claims that were made in the other case; that the patents were void—the original patent of 1870, and also the re-issue of 1880, and that they had not been aware that these patents were void, and that they paid the royalties under a mistake of fact. And even in that case, there was no claim that the contract had been at any time rescinded; still I do not know that it could properly have been made an issue in the case. To the petition in that case, making these claims, Isaac N. Topliff answered, setting up this agreement, making a general denial of their statements, and then claiming that they had entered upon the manufacture of the patented articles under that agreement, and enjoyed and "still enjoy all the rights, monopolies, privileges and benefits contracted for by them in and by said

contract;" and also of a subsequent patent issued to him in May, 1871, and averring that those patents were all good and valid in law. John A. Topliff and Geo. H. Ely replied to that, denying that they had enjoyed the right, monopolies and privileges or any of them, and denying that the patents were good and valid in law. Now, it is claimed on behalf of the defendant in error Isaac N. Topliff, that the judgment in this action (which was pending and decided at the same time with the other) is conclusive of the validity of those patents, and also of the binding force of that agreement. The plaintiffs in error claim that the judgment was rendered solely upon the ground that they were estopped from denying the claim of Isaac N. Topliff, for the reason of their having enjoyed the benefits of the agreement. The judgment in the case is a judgment finding generally the issues with the defendant, but without specifying the ground upon which the judgment was rendered. It is claimed on behalf of the defendant in error in this action, that where there is a finding of that kind by the court, and a judgment upon that finding, it is conclusive, not only that the issues were found to an extent sufficient to warrant the judgment in favor of the party in whose favor the issues are found, but that it is a finding, and a conclusive finding, upon each and all of the issues made in the case; and the case of Sites v. Haverstick, 23 O. S., 626, is cited as establishing that rule of law. The first clause of the syllabus is this:

"Where the jury by the verdict 'find the issues joined in the cause' in favor of one of the parties, this is to be taken as a verdict finding each and all of the issues therein for such party."

And this same doctrine has been approved in a number of other cases decided by the supreme court. See Butler v. Kneeland, Ib , 196; Ins. Co. v. Sutphin, 35 O. S., 360. See also, Flournoy v. Lastrapes, 131 U. S. (Appendix), clxi. It is difficult for us to draw a distinction between the case of Sites v. Haverstick, *supra*, and the case at bar, or to find any reason for saying that such a judgment is not a finding of each of the issues made, in favor of the party, and is not conclusive so long as the judgment remains unreversed. In a case where there are several issues, upon any one of which a judgment may be rendered, it is very easy for a party to request a finding of facts upon which the judgment was rendered by the court, and thus the judgment itself would show upon what grounds it was rendered. Ins. Co. v. Sutphin, 35 O. S., 360. It is easy enough to see in this case that the judgment might have been rendered upon either one of two grounds: either that the agreement was in full force and binding, and the patents good, or, that the defendants in that action were estopped from denying the validity of the patents by the fact that they had manufactured the articles under the patent; and the proof showed not only that they did that, but that they had stamped upon the articles manufactured the dates and titles of the several patents. But the judgment failing to show upon which of the grounds it was rendered, we are unable to see why it does not come within the principle of the case I have cited. That, however, is not of so much importance in this case, when we consider the effect of the other judgment which has been pleaded in this case. And that is the judgment rendered in the action brought by Geo. H. Ely and John A. Topliff in the United States circuit court. This was brought to prevent an infringement of the patent obtained by John A. Topliff in 1875. The agreement between the parties, as it will be remembered, was that "any improvement made on these articles by either should be for the mutual benefit of the parties." In answer to the action brought by John A. Topliff and Geo. H. Ely against Isaac N. Topliff for an infringement of this patent, Isaac N. Topliff answered, setting up this agreement made between the parties in 1869, claiming that the agreement was still in full force, and that the patent was for an improvement made in the articles mentioned and described in his patents of 1870 and 1871. Upon the trial of that case in the circuit court of the United States, in this city, judgment was rendered in favor of Isaac N. Topliff, the court finding that under that agreement either party was at liberty to manufacture these articles without the payment of any royalty. From that judgment an appeal was taken by the plaintiffs in this case to the supreme court of the

United States, and by that court the judgment was affirmed. Now, it is evident that while other issues were made in the case, for instance, an issue upon the novelty of the invention by John A. Topliff, and an issue as to his being the inventor of the improvement, there was also made this issue as to the agreement entered into between these parties, and the court based its judgment upon that agreement. The only answer which was made to the claim that this judgment is binding upon the parties, and as to the existence of that agreement after the 15th of September, 1879, and its continued existence up to the time of this decision, is the prior judgment which I have considered, and also this claim, that while it may be true that the clause in the agreement which provides that any improvement made by the parties should be for their mutual benefit, yet this judgment does not apply to the entire agreement; that the agreement, so far as it involved the obligations on the part of John A. Topliff and Geo. H. Ely to pay royalty, was at an end by the previous decision on the contract and the judgment of the court, to which I have referred. The judgment of the circuit court, affirmed by the supreme court of the United States, is, that under that agreement Isaac N. Topliff, as well as John A. Topliff and Geo. H. Ely, was at liberty to manufacture those articles under the patent of 1875, without paying any royalty. We have been unable to find any reason to satisfy us that that particular clause of the agreement is in force, while the other has been terminated. It seems to us that if that agreement has been rescinded it is no longer in force as to any part of it; but if it is in force, it must necessarily be in force in all of its parts.

The claim is, that by the terms of this agreement which was in force at the time this patent was issued, Isaac N. Topliff acquired a vested right in this patent of 1875, and that the subsequent rescission of the agreement took away that vested right. We are not satisfied that that claim can be sustained, and it is very certain that that is not the view taken by the supreme court of the United States.

In the opinion of the court, this contract was not rescinded. The court, in speaking of the testimony of John A. Topliff, which was to the effect that:

"We paid royalty from the fact that we supposed that we were working under his original patent. We did not know to the contrary * * * until we finally received the file-wrappers from Washington, informing us to the contrary, and when we received them, together with the patent, we found out that we were not working under his patent, and refused to pay further royalty." Say:

"The explanation cannot be accepted. It is inconsistent with the facts testified to by the same witness as well as others that the manufacture of the bow-sockets under the original patent ceased early in 1870, before, in fact, that patent was issued; and that the business was actually carried on under Isaac N. Topliff's patent of 1871, and the subsequent improvements patented to John A. Topliff under the patent of August 24th, 1875. The fact, therefore, that the patent of December 27th, 1870, was of no practical value in the business was well known and perfectly understood from a very early period in its prosecution, and the patent of May 16th, 1871, was accepted by the parties as a substitute for it. The appellants, therefore, cannot claim that they made the first discovery of its inutility in 1879, and had a right, by reason thereof, to rescind the contract for a failure of consideration. It was equally immaterial that Isaac N. Topliff subsequently thereto, in 1880, surrendered that patent and obtained the re-issue. If the re-issue is void, the situation of the parties is not changed; if it is valid and useful, it inures to the benefit of the appellants as well as to that of the appellee by virtue of the express terms of the agreement between them." (Topliff v. Topliff, 122 U. S., 129, opinion by Matthews, J.)

The court further say:

"The second proposition of the appellants is 'that if the contract set up in the answer is in force, it does not secure to the appellee the right to the use of the improvement covered by the patent sued on.'"

It was claimed by the appellants in this case in the supreme court of the United States that that was the only part of the agreement that was in force; they now claim that that was precisely the part of the agreement that was not in force. The language of the agreement is this:

"It is also further agreed that any improvement made on these articles by either party shall be for the mutual benefit of the parties."

And the supreme court, without reviewing its decision further, proceeds to show that the patent of 1875, as well as that of 1871, came within this agreement; and the court, in the syllabus of the case, expressly decided:

"In this case the court holds that the contract made by the parties in 1870, is still in force, and that under its terms the appellee is entitled to make use of the combinations covered by the patent to John A. Topliff, one of the appellants, of August 24, 1875, without the payment of royalty, and without being charged with liability as an infringer."

Now, it seems to us, that no such construction as is claimed by the plaintiffs in error for this judgment of the supreme court of the United States can be sustained. It is perfectly evident that in the view of the supreme court of the United States the main question to be determined, and upon which the decision of the court turned, was whether that contract made between these parties was or was not in force at the time of this decision, and that is substantially the main question decided by the court. We, therefore, feel bound to hold that by force of that decision of the supreme court of the United States this contract is to be considered as in full force, and that having been determined by the judgment of the court, the testimony which was offered by plaintiffs in error to sustain the other defense made in the action was properly rejected by the court.

Upon the whole, we are satisfied that there was no error in the judgment of the court of common pleas, and its judgment is affirmed.

*Sherman, Hoyt & Dustin* and *Virgil P. Kline*, for plaintiffs in error.

*Boynton, Hale & Horr* and *S. Burke*, for defendant in error.